1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES HAMPTON,                              No.  2:14-cv-2038 KJN P

12                       Plaintiff,

13           v.                                   ORDER

14    R. HAYNIE, et al.,

15                       Defendants.

16

17           Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18    42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19    § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20    § 636(b)(1).  Plaintiff consented to proceed before the undersigned for all purposes.  See 28

21    U.S.C. § 636(c).

22           Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

23    § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

24           Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

25    28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

26    fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

27    direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

28    and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

1   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

2   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4   § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief against a

6   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

18  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19  1227.

20         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

27  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

28  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

1    Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6          Plaintiff alleges that on July 7, 2014, he was forced to take a cellmate and deliberately

7    placed in a dangerous situation.  (ECF No. 1 at 5.)  Plaintiff alleges he informed defendants

8    Sherburn, Dragash and Haynie that plaintiff and his cellmate were not getting along, but was told

9    to "deal with it."  (Id.)  Plaintiff claims he told defendant Sherburn and Haynie that they were

10   placing plaintiff's life in danger, and they responded, "so."  Plaintiff alleges that defendant

11   Haynie told defendant  Sherburn to issue plaintiff a rules violation report for plaintiff's refusal to

12   take a cellmate.  (ECF No. 1 at 3.)  Plaintiff claims that the rules violation report was falsified,

13   and was subsequently dismissed.  Plaintiff had another altercation with the same inmate two days

14   later.  Defendant Haynie put plaintiff in administrative segregation for safety, claiming that

15   plaintiff "staged these fights."  (ECF No. 1 at 3.)  However, plaintiff's cellmate, Candler, was

16   allowed to stay in the cell in which they had the altercation.  Plaintiff contends that it takes two

17   inmates to "stage a fight."  (ECF No. 1 at 4.)  Plaintiff claims that defendant Haynie knew

18   plaintiff would write a grievance, and wrote the false rules violation report to cover placing

19   plaintiff in danger.  Plaintiff claims he lost his job, property, and was put in administrative

20   segregation.

21          Plaintiff claims that defendants Burnett and Compton "are charged under deliberate

22   indifference . . . to block plaintiff and grant immunity to [the other] defendants."  (ECF No. 1 at

23   4.)  Plaintiff claims both of these defendants had a chance to correct a wrong.

24          First, plaintiff appears to allege that defendants Burnett and Compton are liable based on

25   their role in the inmate grievance process.  However, prisoners have no stand-alone due process

26   rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640

27   (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there

28   is no liberty interest entitling inmates to a specific grievance process), cert. denied, 541 U.S. 1063

3

1    (2004).  Put another way, prison officials are not required under federal law to process inmate

2    grievances in a specific way or to respond to them in a favorable manner.  Because there is no

3    right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a

4    violation of his due process rights based on allegations that prison officials ignored or failed to

5    properly process grievances.  See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal.

6    Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals

7    failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL

8    4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out

9    his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v.

10   Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty

11   interest in the vindication of his administrative claims.").  The altercations between plaintiff and

12   his cellmate had taken place by the time plaintiff filed his grievance; thus, defendants Burnett and

13   Compton could not have acted to prevent the altercations.  Plaintiff should not renew his claims

14   against defendants Burnett and Compton in any amended complaint.

15        Second, the falsification of disciplinary reports does not state a stand-alone constitutional

16   claim.  See, e.g., Lee v. Whitten, 2012 WL 4468420, *4 (E.D. Cal. 2012).  Indeed, as set forth

17   above, there is no constitutional right to a prison administrative appeal or grievance system, and a

18   prisoner has no constitutionally guaranteed right not to be falsely or wrongly accused of conduct

19   which may result in the deprivation of a protected liberty interest.  Sprouse v. Babcock, 870 F.2d

20   450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the

21   impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state

22   constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison

23   inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of

24   conduct which may result in the deprivation of a protected liberty interest.").  In sum, plaintiff's

25   allegations of a false report and cover up, standing alone, do not state a cognizable constitutional

26   claim.  See, e.g., Higgins v. Medina, 2009 WL 3255268, *3 (E.D. Cal. 2009) (finding not

27   cognizable plaintiff's due process claim arising from the falsification of reports and other

28   ////

4

1    documents relating to incident of excessive force because prisoners do not have an independent

2    right, grounded in the Due Process Clause, to an accurate prison record).

3         Third, plaintiff makes vague references to retaliation.  Under the First Amendment, prison

4    officials may not retaliate against prisoners for initiating litigation or filing administrative

5    grievances.  Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  A viable claim of First

6    Amendment retaliation entails five basic elements:  (1) an assertion that a state actor took some

7    adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

8    such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

9    not reasonably advance a legitimate penological purpose.  Id.; Barnett v. Centoni, 31 F.3d 813,

10   816 (9th Cir. 1994).  Here, plaintiff failed to allege any facts supporting each element of a

11   retaliation claim, as required by Rhodes.  Moreover, it is not clear that plaintiff was engaged in

12   protected conduct at the time of the alleged retaliatory act.

13        Fourth, it is unclear whether plaintiff may be able to state cognizable Eighth Amendment

14   claims against the remaining defendants.

15        It is well established that a prison official's deliberate indifference to a substantial risk of

16   serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth

17   Amendment.  Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S.

18   25, 31-32 (1993).  "It is not, however, every injury suffered by one prisoner at the hands of

19   another that translates into constitutional liability for prison officials responsible for the victim's

20   safety."  Farmer, 511 U.S. at 834.  There are objective and subjective requirements which must be

21   met to prevail on such an Eighth Amendment claim.  First, for the objective requirement, "the

22   inmate must show that he is incarcerated under conditions posing a substantial risk of serious

23   harm."  Id.  Second, the prison official must have a sufficiently culpable state of mind.  See id.

24   Here the state of mind is one of deliberate indifference.  See id.  A prison official who knows of

25   and disregards an excessive risk to an inmate's health or safety demonstrates deliberate

26   indifference.  See id. at 837.  Thus, "the official must both be aware of facts from which the

27   inference could be drawn that a substantial risk of serious harm exists, and he must also draw that

28   inference."  Id.  However, an official who knows of a substantial risk to an inmate's health or

5

1   safety but acts reasonably under the circumstances will not be held liable under the cruel and

2   unusual punishment clause, even if the threatened harm results.  See id. at 843.

3          Plaintiff's allegations that he informed defendants Sherburn, Dragash and Haynie that

4   plaintiff and his cellmate were not getting along, standing alone, is insufficient to demonstrate a

5   substantial risk of harm to plaintiff.  Indeed, the medical report of injury from the incident reflects

6   that plaintiff sustained no injuries.  (ECF No. 1 at 19.)  In the rules violation report, defendant

7   Sherburn claimed that both plaintiff and his cellmate were watching as defendant Sherburn

8   approached for medication pass, and once the door was half open, plaintiff and his cellmate began

9   "slapping" each other with "open hands."  (ECF No. 1 at 21.)  Although plaintiff claims he told

10  defendants Sherburn and Haynie that they were placing plaintiff's life in danger, plaintiff fails to

11  allege facts supporting such claim or demonstrating that he faced a substantial risk of serious

12  harm.  Plaintiff is granted leave to amend should he be able to allege sufficient facts to support an

13  Eighth Amendment violation.

14         Finally, plaintiff concedes that he failed to exhaust his administrative remedies in

15  connection with these claims.  (ECF No. 1 at 2.)  Plaintiff states that he filed a grievance, but that

16  defendants Burnett and Compton saw "it in their interest not to process."  (ECF No. 1 at 2.)

17         The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to

18  provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

19  § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

20  facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

21  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S. 516,

22  524 (2002).

23         Compliance with the exhaustion requirement is mandatory for any type of relief sought.

24  Booth v. Churner, 532 U.S. 731, 739, 741(2001) (holding that prisoners must exhaust their

25  administrative remedies regardless of the relief they seek, i.e., whether injunctive relief or money

26  damages, even though the latter is unavailable pursuant to the administrative grievance process);

27  accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is

28  mandatory under the PLRA and that unexhausted claims cannot be brought in court."); see also

6

1   Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a

2   Congressional judgment that the federal courts may not consider a prisoner's civil rights claim

3   when a remedy was not sought first in an available administrative grievance procedure.").

4          Prisoners who file grievances must use a form provided by the California Department of

5   Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the

6   action requested.  The grievance process, as defined by California regulations, has three levels of

7   review to address an inmate's claims, subject to certain exceptions.  See Cal. Code Regs. tit. 15,

8   § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a

9   "Director's Level Decision," or third level review, with respect to his issues or claims.  Id.

10  § 3084.1(b).

11         As noted above, the PLRA requires proper exhaustion of administrative remedies.

12  Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an

13  agency's deadlines and other critical procedural rules because no adjudicative system can

14  function effectively without imposing some orderly structure on the course of its proceedings."

15  Id. at 90-91.  Thus, compliance with grievance procedures is required by the PLRA to properly

16  exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or

17  otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.  When the

18  rules of the prison or jail do not dictate the requisite level of detail for proper review, a prisoner's

19  complaint "suffices if it alerts the prison to the nature of the wrong for which redress is sought."

20  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  This requirement is so because the

21  primary purpose of a prison's administrative review system is to "notify the prison of a problem

22  and to facilitate its resolution."  Id., 557 F.3d at 1120.

23         Non-exhaustion under § 1997e(a) is an affirmative defense.  Bock, 549 U.S. at 204, 216.

24  However, where it is clear that a plaintiff has not first exhausted his administrative remedies,

25  courts may dismiss such claims sua sponte.  See id. at 199, 214-16 (exhaustion is an affirmative

26  defense and sua sponte dismissal for failure to exhaust administrative remedies under the PLRA

27  is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes

28  the failure to exhaust); see also Salas v. Tillman, 162 Fed. Appx. 918 (11th Cir. 2006), cert.

7

1    denied, 549 U.S. 835 (2006) (district court's sua sponte dismissal of state prisoner's civil rights

2    claims for failure to exhaust was not abuse of discretion; prisoner did not dispute that he timely

3    failed to pursue his administrative remedies, and a continuance would not permit exhaustion

4    because any grievance would now be untimely).

5        Despite plaintiff's claim that defendants Burnett and Compton failed to process plaintiff's

6    grievance because it was "in their interest," plaintiff provided a copy of their appeal response

7    which states that the appeal was rejected because plaintiff included "multiple issues that [did] not

8    derive from a single event, or [were] not directly related and cannot be reasonably addressed in a

9    single response due to this fact." (ECF No. 1 at 6.)  The Appeals Coordinator is authorized and

10   obligated to reject any appeal that is not submitted in compliance with prison regulations

11   concerning the appeals process.  See Cal. Code Regs. tit. 15, § 3084.3 (setting forth criteria for

12   rejecting appeals).

13       Review of plaintiff's grievance reflects that plaintiff did, in fact, complain about multiple

14   unrelated issues.  (ECF No. 1 at 9.)  Further, plaintiff was advised that he could "resubmit the

15   unrelated issues separately using separate appeals."  (Id.)  It is unclear whether plaintiff followed

16   the directions and re-submitted his appeals separately, or whether plaintiff attempted to pursue his

17   claims through the next level of appeal if he believed the rejection was in error.  Plaintiff is

18   cautioned that if he did not pursue his administrative appeals through the third level of review he

19   risks dismissal of his claims.

20       The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

21   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

22   court has determined that the complaint does not contain a short and plain statement as required

23   by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

24   complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

25   v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least

26   some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

27   Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

28   complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Amended Complaint.

1   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

2   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

3   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

4   Failure to file an amended complaint in accordance with this order may result in the dismissal of

5   this action.

6   Dated:  October 14, 2014

7

8   /hamp2038.14

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

10

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES HAMPTON,                        No.  2:14-cv-2038 KJN P

12                  Plaintiff,

13          v.                              NOTICE OF AMENDMENT

14    R. HAYNIE, et al.,

15                  Defendants.

16

17          Plaintiff hereby submits the following document in compliance with the court's order

18    filed_____.

19                    _____        Amended Complaint

      DATED:
20

21                                         _____

22                                         Plaintiff

23

24

25

26

27

28