UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HAMPTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. HAYNIE, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-2038 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. On May 18, 2015, defendants filed a motion for protective order. Plaintiff opposes the motion. Good cause appearing, the undersigned grants the motion as discussed below.

I. Background

Plaintiff alleges that defendants R. Haynie, D. Sherburn, and Sgt. Dragash failed to protect plaintiff, in violation of the Eighth Amendment, by knowingly housing plaintiff with an inmate known to be assaultive of other inmates. On March 12, 2015, the court issued a discovery and scheduling order. On March 16, 2015, defendants filed a motion for summary judgment based on their claim that plaintiff failed to exhaust his administrative remedies prior to filing the instant action.

Defendants seek to stay discovery on the merits of plaintiff's claims pending resolution of defendants' motion for summary judgment. Defendants state that on May 14, 2015, plaintiff

1

served his first set of interrogatories and request for production of documents, none of which bear on the issue of exhaustion, but rather focus on plaintiff's substantive claims and defendants' personal histories.[1]

Plaintiff contends that the court issued a discovery order and argues defendants failed to object within 21 days as required by Local Rule 230(l), and argues their motion is untimely. Plaintiff also contends that defendants "impeded his exhaustion," and now don't want plaintiff's complaint to continue.

II. Analysis

"Upon motion by a party or by the person from whom discovery is sought ..., and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c).  Stays of proceeding in federal court, including stays of discovery, are committed to the discretion of the trial court.  See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir.1987).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Thus, proper and timely exhaustion of administrative remedies is required prior to filing in federal court.  Booth v. Churner, 532 U.S. 731, 741 (2001); Woodford v. Ngo, 548 U.S. 81, 90 (2006).

Defendants timely filed their motion for summary judgment pursuant to the court's scheduling order.  Defendants were not required to seek a protective order until such an order was needed.  Here, plaintiff propounded his discovery requests on May 14, 2015, and defendants filed their motion four days later.  As such, defendants' motion was timely brought.

Moreover, the Ninth Circuit has expressly stated that "the exhaustion question in PLRA cases should be decided as early as feasible" and, "if feasible, before reaching the merits of a

---

[1] Defendants also ask the court to waive the meet and confer requirements set forth in Rule 26 of the Federal Rules of Civil Procedure and Local Rule 251. (ECF No. 37-1 at 5.)  However, in the March 12, 2015 order, the parties were informed that "unless otherwise ordered, Local Rule 251 shall not apply." (ECF No. 27 at 5.)  Thus, no further order is required.

prisoner's claim." <u>Albino v. Baca</u>, 747 F.3d 1162, 1170 (9th Cir.) (en banc), <u>cert. denied</u>, 135 S. Ct. 403 (2014). Plaintiff does not argue that he seeks discovery to support his opposition to the pending motion for summary judgment. Rather, plaintiff states he seeks discovery pertaining to "relevant issues."

Based on a review of defendants' pending motion for summary judgment, the court finds good cause for granting defendants' motion for a protective order. <u>See</u> <u>Wood v. McEwen</u>, 644 F.2d 797, 801-02 (9th Cir. 1981). Defendants' motion is based solely on the ground that plaintiff allegedly failed to exhaust administrative remedies, and plaintiff's discovery requests are not related to the issue of exhaustion of administrative remedies. Resolution of defendants' pending motion may obviate the need for discovery. Therefore, plaintiff's need for immediate discovery as to the merits of his claims is outweighed by defendants' burden in responding to discovery requests that may not be necessary if the motion for summary judgment is granted. Thus, discovery is stayed pending resolution of defendants' motion for summary judgment.

III. <u>Conclusion</u>

Based on the above, IT IS HEREBY ORDERED that:

1. Defendants' motion for protective order (ECF No. 37) is granted;

2. Discovery in this action is stayed pending resolution of defendants' motion for summary judgment; and

3. Following resolution of defendant's motion for summary judgment, a revised scheduling order will issue, if appropriate.

Dated: June 16, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hamp2038.po