UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HAMPTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. HAYNIE, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-2038 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel.  Defendants' motion for summary judgment is presently pending.  However, plaintiff failed to sign his opposition.  (ECF No. 33.) Rule 11 of the Federal Rules of Civil Procedure states:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name -- or by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit.  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11.  Because plaintiff failed to sign the opposition, the court will provide plaintiff an opportunity to file a signed opposition.

Moreover, after defendants filed their reply, plaintiff filed a document entitled "Motion in Response to Defendants' Reply."  (ECF No. 35.)  Such filing is a surreply.  The Local Rules do

1

1  not authorize the routine filing of a surreply.  Nevertheless, a district court may allow a surreply
2  "where a valid reason for such additional briefing exists, such as where the movant raises new
3  arguments in its reply brief." Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005); accord
4  Norwood v. Byers, 2013 WL 3330643, at *3 (E.D. Cal. 2013) (granting the motion to strike the
5  surreply because "defendants did not raise new arguments in their reply that necessitated
6  additional argument from plaintiff, plaintiff did not seek leave to file a surreply before actually
7  filing it, and the arguments in the surreply do not alter the analysis below"), adopted, 2013 WL
8  5156572 (E.D. Cal. 2013).  In the present case, defendants did not raise new arguments in their
9  reply, and plaintiff did not seek leave to file a surreply.  Plaintiff's surreply is stricken.

10  Finally, plaintiff filed a document entitled "Motion to bring Charges of Perjury Against
11  Witness."  (ECF No. 36.)  It appears that plaintiff believes that the appeals coordinator either lied
12  or "falsified a legal document to protect the same co-workers." (ECF No. 36 at 2.)  Plaintiff is
13  advised that his request for this court to bring "charges of perjury" is inappropriate.  Rather, if
14  plaintiff has evidence to rebut the declaration of the appeals coordinator, or to refute the
15  documentary evidence at issue in the pending motion, plaintiff must submit such evidence for
16  consideration by the court with his opposition.

17  In addition, in the declaration appended to this motion, plaintiff included a statement that
18  he "declares that all statements made in this case have been made under penalty of perjury."
19  (ECF No. 36 at 3.)  Plaintiff is advised that such a broad and global statement is not proper and is
20  ineffective because it deprives defendants of an opportunity to address such statements in the
21  context in which such statements are made.

22  Moreover, plaintiff appended exhibits to the motion alleging perjury, and included
23  arguments concerning the pending motion for summary judgment.  Local Rule 230 contemplates
24  the filing of a motion, an opposition, and a reply.  Id.  Plaintiff is advised that all of his arguments
25  in opposition to the motion for summary judgment must be contained in one opposition, and all
26  evidence in support thereof must be provided with the opposition.  However, plaintiff may refer
27  to the exhibits appended to his original complaint (ECF No. 1 at 6-23), because such documents
28  remain a part of the court record for use by any party.

In light of the above, plaintiff is granted an opportunity to correct the above deficiencies. Plaintiff may choose to (1) re-submit his prior opposition bearing his signature, or, (2) file a signed amended opposition that includes all of his arguments and evidence in opposition to the motion. If plaintiff resubmits his first opposition with his signature, no further briefing is required, and the motion will stand submitted. If plaintiff chooses the second option, plaintiff shall entitle his filing "Amended Opposition," and defendants shall file an amended reply within seven days. Once the amended reply is filed, no further filing by any party is permitted. No surreply is authorized.

No extensions of time will be granted.[1] Plaintiff is cautioned that if he fails to timely respond to this order, the undersigned is required to strike his unsigned opposition, and consider defendants' motion as unopposed. See Fed. R. Civ. P. 11.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's surreply (ECF No. 35) is stricken from the court record.

2. Plaintiff's motion to bring perjury charges (ECF No. 36) is denied.

3. On or before January 4, 2016, plaintiff shall either (1) re-submit his prior opposition bearing his signature, or (2) file a signed amended opposition that includes all of his arguments and evidence in opposition to the motion.

4. If plaintiff files an "Amended Opposition," defendants shall file an amended reply within seven days. No other briefing is permitted.

5. The Clerk of the Court shall send plaintiff a copy of his opposition with the filing banner removed. (ECF No. 33.)

Dated: December 4, 2015

/hamp2038.fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is cautioned that the court is imposing a January 4, 2016 filing deadline. This means that plaintiff must prepare his filing and submit it to prison officials for mailing with sufficient time to ensure it is filed on or before January 4, 2016. Plaintiff is well aware of his arguments in opposition to the pending motion, and the issues are limited to the exhaustion of administrative remedies. The merits of plaintiff's underlying claims against defendants are not at issue at this time.

3